IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE
*Plaintiff*

    v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA        Case No. 1:24-cv-3487
2211 Congress Street
Portland, ME 04122
*Defendant*

SERVE AT:
Corporation Service Co.
100 Shockoe Slip Floor 2
Richmond, VA 23219

## **COMPLAINT**

1.      Plaintiff seeks relief under ERISA, 29 U.S.C. § 1001, et seq., specifically, ERISA§502, 29 U.S.C. § 1132.

2.      This court has jurisdiction pursuant over the issues raised herein pursuant to ERISA §502, 29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1131 (Federal Question).

3.      Venue is appropriate under 29 U.S.C. §1132(e)(2) in that the policy was issued to Plaintiff, a resident of the District of Columbia, and the Defendant was doing business in the District of Columbia creating sufficient contacts pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 90, 90 L.Ed. 95 (1945) in order to confer in personam jurisdiction.

4.      This is an action pursuant to 29 U.S.C. §§502(a)(1)(B), et seq. which seeks to clarify a beneficiary's rights to past and future benefits under the terms of the plan operating under a

conflict of interest. Plaintiff seeks a declaration of right under the policy at issue which is an "employee welfare benefit plan" as defined under ERISA. Plaintiff seeks benefits and payment of all back benefits due and owing plus interest. Plaintiff seeks to enforce the rights afforded under the plan and to clarify all rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a). Plaintiff seeks an award of attorney's fees and costs.

### Parties

5.       Plaintiff is an adult resident of Washington, District of Columbia.

6.       Plaintiff was employed by McKinsey & Company, Inc. (Hereinafter, "McKinsey"), as an internal Risk Manager.

7.       Plaintiff was a plan participant under a group benefits plan established by McKinsey; Policy Number 451355. (the "Policy").

8.       Plaintiff and Plaintiff's Employer contracted with Unum Life Insurance (hereinafter, "Unum"), as the administrator and insurer for the plan.

### The Disability Contract

9.       Unum as claims administrator and insurer of the plan has made all of the decisions regarding plaintiff's claim for disability benefits in this case while operating under a conflict of interest.

10.       The plan promises to pay benefits if an employee is disabled.

11.       Disability in the plan is defined as follows:

> "Disability and Disabled mean that because of injury or sickness:
>     1. The insured cannot perform each of the material duties of his regular occupation; or
>     2. The insured, while unable to perform all of the material duties of his regular occupation on a full-time basis, is:

a.      performing at least one of the material duties of his regular occupation or another occupation on a part-time or full-time basis; and

b.      earning currently at least 20% less per month than his indexed pre-disability earnings due to that same injury or sickness.

### Plaintiff's Disability Claim

12.      Plaintiff suffers from complex post-traumatic stress disorder ("CPTSD") with severe dissociative symptomology and anxiety; developmental and attachment trauma from childhood neglect and abuse; and recurrent major depressive disorder ("MDD"), as exhibited in the records from her treatment team: Dr. Anjali Dsouza, M.D.; Dr. Claudia Metz, M.D.; Dr. Renee Mao, M.D.; and Julianna Snapp, LCSW.

13.      Plaintiff's suffering and struggle with her conditions has been continuous, and she has been treated with extensive therapy and a litany of medications including Fluoxetine (Prozac), Klonopin, Nuvigil, Trazadone, Topamax, and Wellbutrin XL. She has been continually reassessed for the ability to work, and her doctors have never cleared her to return.

14.      Plaintiff's therapy has centered around her history of significant trauma, understanding and regulating her body's somatic response to triggers, regulating her traumatized nervous system, and calming her adrenaline and cortisol responses.

15.      Plaintiff's last day of active work at McKinsey was December 12, 2022; when she went on sick leave, holiday leave, and then a preapproved unpaid personal leave, trying to recuperate and be able to work again.

16.      Still unable to return to work, starting on January 8, 2023, Plaintiff, in an attempt to reset and rehabilitate her mental health, participated in a long-distance cycling retreat in Africa,

with the support of her treatment team.

17.     On April 5, 2023, Plaintiff was approved for and began receiving short-term disability benefits payments from McKinsey, following an independent health review by ExamWorks, which supported her claim. Plaintiff's short-term disability claim commenced as of March 24, 2023, and paid benefits through September 21, 2023.

18.     Plaintiff was terminated from McKinsey on June 2, 2023 after 22 years of service.

19.     Plaintiff applied for long-term disability benefits under the Policy on August 15, 2023, as Claim No. 23294982. Her date of disability was December 13, 2022, and the applicable Elimination Period ended September 21, 2023.

20.     On December 8, 2023, Unum denied Plaintiff's claim, arguing that she was not disabled according to the Policy's definition. Unum sided with its own reviewers, who had never met or personally evaluated Plaintiff, over Plaintiff's treating physicians repeated conclusions that Plaintiff was disabled.[1]

21.     Plaintiff filed a timely appeal on June 5, 2024, which included detailed clarification of the record, refutation of Unum's arguments, and additional medical records.[2]

22.     Plaintiff supplemented the record with another letter, of July 15, 2024, describing further failures in Unum's analysis and mistakes in Unum's assessment of her disabling condition. The letter also included extensive support from treating physician Dr. Metz, stating, *inter alia*, that Dr. Metz "absolutely do[es] not agree with [Unum's] determination that [Jane Doe] can return to work …" and stating that she [Dr. Metz] did not "believe she [Doe] would be

[1] *See* Unum's December 8, 2023 letter to Plaintiff, attached hereto as Exhibit A.
[2] *See* Plaintiff's June 5, 2024 appeal letter, attached hereto as Exhibit B.

able to return to any work place for at least the next six months."[3] Unum spoke with Dr. Metz by phone wherein she reinforced her statement that Plaintiff was not fit for work.

23.        Without an in-person evaluation of Plaintiff and her complex medical condition, Unum issued a final denial for this claim on July 19, 2024.[4] The letter states, "In totality, occupationally precluding restrictions and/or limitations are not supported due to a psychiatric or medical condition. The current treatment is consistent with fluctuating but predominantly mild to moderate symptoms." *Id.* This conclusion is drawn in stark contradiction of plaintiff's treating providers and the evidence provided and repeatedly re-explained by Plaintiff. The letter goes on, "There is no report of impairment in any activity you chose to perform, including months of aggregate international travel." *Id.* This evidences Unum's persistent misunderstanding of Plaintiff's condition and her attempts at rehabilitation through therapeutic travel and activity. Unum instead appears to use these *physical* capabilities to show that Plaintiff's *mental* and *cognitive* limitations do not exist.

24.        With this final denial, all conditions precedent under the plan have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit.

25.        Plaintiff is entitled to these benefits under the plan since she has: Satisfied all conditions to be eligible under the plan; and not waived or otherwise relinquished her entitlement to these benefits.

---

[3] *See* Plaintiff's 7/15/2024 letter to Unum, attached hereto as Exhibit C.
[4] *See* Unum's July 19, 2024 letter to Plaintiff, attached hereto as Exhibit D.

**Requested Relief**

26.        Plaintiff requests that this court review the denial of benefits in this case and declare

that she is entitled to all benefits under the policy including payment of all back benefits with

interest.

27.        Plaintiff seeks payment of all attorney's fees and costs associated with attempting to

secure these benefits pursuant to Section 502(g)(1) of ERISA.

28.        Plaintiff seeks any such other relief the Court may deem just and proper.

Respectfully submitted,

Jane Doe


 /s/Richard D. Carter _____
Richard D. Carter DC Bar No 339358
Attorney for Plaintiff Jane Doe
Richard D. Carter LLC
416 Jefferson Street
Annapolis, MD 21403
703-798-1606 phone
703-542-1273 fax
rcarter@richcarterlaw.com