UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>**Plaintiff,**<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>**Defendant.** | Civil Action No. 24-3487 (JEB) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jane Doe is a former employee of McKinsey & Company, Inc. See ECF No. 1 (Compl.), ¶ 6. At McKinsey, she was a member of a group benefits plan that promised to pay benefits to disabled employees. Id., ¶¶ 7, 10. Defendant Unum Life Insurance Company of America was the administrator and insurer of that plan and, as a result, was responsible for adjudicating employees' claims for disability benefits. Id., ¶¶ 8–9. Doe — who has complex post-traumatic stress disorder, trauma from childhood neglect and abuse, and recurrent major depressive disorder — was denied long-term disability benefits by Unum on the ground that she was not considered disabled under the policy's definition. Id., ¶¶ 12, 19–20. After her appeal to Unum was denied, she brought this lawsuit seeking a declaration that she is entitled to benefits under the Employee Retirement Income Security Act. Id., ¶¶ 21, 23, 26. Plaintiff has filed a Motion to Proceed Under Pseudonym. See ECF No. 3 (Mot.) The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and

1

determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

I.    **Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.    Analysis**

At this early stage, Plaintiff has met her burden to show that her privacy interests outweigh the public's presumptive and substantial interest in learning her identity.

First, Doe does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). The Complaint reveals "intimate or sensitive personal information" about Plaintiff of the kind "traditionally recognized under this factor, 'such as sexual activities, reproductive rights, bodily autonomy, [and] medical concerns.'" Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)). Specifically, it discloses information about her "mental health, details of her mental health diagnoses, symptoms thereof, and the health benefits to which she is entitled." Mot. at 1; see Compl., ¶¶ 12–13 (describing in detail Doe's diagnoses and treatments). Because such medical particulars are quintessential personal information, the first factor weighs in favor of pseudonymity.

The second factor, which concerns the "risk of retaliatory physical or mental harm" to Plaintiff and to "innocent non-parties," counsels against granting the Motion. See In re Sealed Case, 971 F.3d at 326 (cleaned up). Reading between the lines, Plaintiff appears to suggest that she may suffer stigma if she is publicly identified along with her mental-health diagnoses. See Mot. at 3 (quoting language from case law). She does not, however, actually contend that her mental-health difficulties will be exacerbated if her identity is made public or that she anticipates any concrete psychological damage, and courts have generally required such claims for the second factor to favor pseudonymity. See, e.g., Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014)

3

("Out of grave concern that the Court could exacerbate any psychological issues the plaintiff is currently experiencing, the Court finds that this factor weighs in favor of anonymity."); J.W. v. District of Columbia, 318 F.R.D. 196, 200 (D.D.C. 2016) ("Courts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage . . . [is] anticipated if a party's identity is disclosed."). The Court therefore finds that Doe has not adequately shown a risk of mental harm and concludes that the second factor favors disclosure.

The third and fourth factors likewise cut against pseudonymity. As to the third, Plaintiff does not argue that her case implicates the privacy interests of any minors. With respect to the fourth, Unum is a private institution, which "presumably ha[s] concerns about [its] . . . reputation[]." Doe 1 v. George Wash. Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019); cf. Doe v. De Amigos, LLC, 2012 WL 13047579, at *3 (D.D.C. Apr. 30, 2012) ("Whether the defendant is a governmental entity or a private defendant is significant because governmental bodies do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing.") (cleaned up). Although Plaintiff argues that Unum's interest in protecting its reputation is diminished because of its size and status as a frequent target of litigation, see Mot. at 3, courts do not draw such distinctions. See, e.g., Doe 1, 369 F. Supp. 3d at 67 ("Neither GW's size, nor any other investigations that may be taking place impact the potential for reputational damage from this litigation."). The fourth factor therefore weighs against pseudonymity.

The fifth factor, however, favors pseudonymity and seals the deal for Doe. Defendant would suffer no "risk of unfairness," In re Sealed Case, 971 F.3d at 327 (citation omitted), if the Motion were granted because it already knows her identity. See Mot. at 3–4; Compl., ¶¶ 7, 19

4

(providing her policy and claim number); In re Sealed Case, 971 F.3d at 326 n.1 (this factor is "not implicated" where defendant knows plaintiff's identity). In sum, although only the first and fifth factors support Doe's Motion, the Court concludes that the sensitive nature of her medical information and the lack of prejudice toward Unum justify allowing Plaintiff to proceed pseudonymously.

The Court accordingly ORDERS that:

1. Plaintiff's [3] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiff shall file on the public docket:

   i. A pseudonymous version of her [3] Motion and any attachments; and

   ii. A sealed declaration containing her real name and residential address.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: December 20, 2024